UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| RUDOLPH GEORGE STANKO, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 4:10-cv-037-SEB-DML |
| | ) | |
| WARDEN C. L. LOCKETT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

This is an action for habeas corpus relief brought by Rudolph Stanko, a federal prisoner, challenging several prison disciplinary proceedings conducted by the Federal Bureau of Prisons ("BOP"). Three of those, however, have been expunged. The two proceedings requiring resolution at this point are identified as IR 1885316 and IR 1884925. In each of these cases, Stanko was sanctioned with the loss of 13 days of earned good time.

A federal court may issue the writ of habeas corpus sought in this action only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Stanko is correct that due process protections attend certain prison disciplinary proceedings. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Notwithstanding the important procedural rights implicated by Stanko's challenge, the pleadings and the expanded record show that he is not entitled to the relief he seeks. In order to present his claims for federal habeas review, Stanko was required to have exhausted his administrative remedies with respect to the challenged disciplinary proceeding. *See Greene v. Meese,* 875 F.2d 639, 640 (7th Cir. 1989) ("[T]he requirement

of exhaustion is judge made for federal [habeas corpus cases] . . . but is a requirement nonetheless.") (internal citations omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 126 S. Ct. 2378, 2385 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

The expanded record shows that Stanko failed to properly exhaust his available administrative remedies. He presented various administrative appeals to the challenged proceeding, but failed in each instance to comply with BOP requirements and then failed, after being notified of the deficiency, to remedy the deficient effort.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**


Date:  09/15/2011

*[signature]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana